IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Allison Whitmire, | ) | C/A No. 3:09-3245-JFA |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | ORDER |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court upon motion of the plaintiff, through her attorney, Paul T. McChesney, for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) and the Social Security Act. The record reflects that the plaintiff was the prevailing party in this action for social security benefits and her net worth is less than $2 million. The plaintiff contends she is entitled to an award of attorney's fees under EAJA because the position of the Commissioner was not substantially justified. Thus, the only question before the court is whether the position of the Commissioner was substantially justified based on the record in this case.

The test for substantial evidence under the Social Security Act is not the same as the test for substantial justification under the EAJA. Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party[1] in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special

---

[1] A party who wins remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993).

1

circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2010). The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir.1991). "The government's position must be substantially justified in both fact and law." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir.1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted). While "the substantially justified standard is not 'a high standard' requiring 'a strong showing,' "the standard requires that the government must do more than merely avoid frivolity for it to escape liability for fees under the Act." *Evans v. Sullivan*, 928 F.2d 109, 111 (4th Cir.1991) (citing *Pierce*, 487 U.S. at 565-66).

When determining whether Commissioner's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138-39 (4th Cir.1993).

The district court has broad discretion to set the attorney-fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications ... are matters that the district court can recognize and discount." *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir.2002) (citing *Comm'r v. Jean,* 496 U.S. 154, 163 (1990)).

Moreover, the could should not only consider the "position taken by the United States in the civil action, but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

2

In this case, the Magistrate Judge, to whom the matter was initially referred, filed a detailed and comprehensive Report and Recommendation suggesting that the decision of the Commissioner to deny benefits should be affirmed. The plaintiff took objection to the Report and this court disagreed with the Magistrate Judge and sent the matter back to the Administrative Law Judge (ALJ) for clarification of his evaluation of certain evidence and his rationale for finding that plaintiff did not meet the diagnostic criteria of Listing 12.05(c). In doing so, however, this court specifically stated that "the court does not express an opinion as to the merits of the plaintiff's claims, but only remands the matter to the ALJ for further clarification."

As the government observes in its opposition memorandum, this court did not reverse because it found that the plaintiff was disabled as defined by the Social Security Act. Rather, it remanded the case because the ALJ did not provide sufficient explanation to support his decision.

On this record, the court concludes that the Commissioner has met his burden of proving that the position taken was, in fact, substantially justified. The fact that this court disagreed with the Magistrate Judge indicates at the outset that the call was a close one. As the government observes in its memorandum, a "position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct" or "if there is a 'genuine dispute' . . . or 'if reasonable people could differ as [to the appropriateness of the contested action]. *Pierce v. Underwood*, 487 U.S. at 565, 566 n.2 (citations omitted).

In this case, the court concludes that reasonable people could differ as to the

3

appropriateness of the contested action in this case. For this reason, the court determines that the position taken by the Commissioner was substantially justified and therefore, denies the plaintiff's motion for attorney's fees.

    IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

July 22, 2011                                           Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge